Johnson J.
In the case of Johnson v. Purvis, during this term, I have had occasion to examine the general character of this defence. The case of Mackey v. Collins 2 M’Cord, 186, is authority for the rule that the vendee may before eviction maintain an action against the vendor on his covenant of warranty, and the rule at law seems to have been, that the rights of the parties are tobe resolved according to the state of facts existing at the time of action brought, 2 Saund, 171. c. Evans v. Prosser, 3 T. R. 186, Bret. v. Papillon, 4 East 502, and Ch. J. Kent, puts it very forcibly in Morris v. Phelps 5. Johnson 54, a case very like the present. That was an action on a covenant of seizin, in a deed of lands, in which the vendor had only an undivided interest; and it was held, that notwithstanding the defendant acquired a title, and tendered it to the plaintiff after action brought, the plaintiff was entitled to recover to the extent to which the title was defective. But 1 do not understand the rule, as taking away from the parties the right of changing the relation in which they stood at the time of action brought; many matters may be pleaded, puis darien continuance, not technically as a bar to the plaintiff’s action, but as a reason why he should not further have, and maintain his action; as payment, accord and satisfaction and the like — nothing more is meant by -the rule, than that neither party of his own mere motion, and without the concurrence of the other, can vary or change their rights and liabilities pending the suit. That they may do so by agreement, can admit of no question.
The memorandum endorsed on the notes which lias been copied into the brief, raises of itself, a pretty strong presumption that there was an understanding between these parties, that the defendants were to keep the land in the event of the titles beingperfected. —The plaintiff could have had no other motive to consent to restrain their negotiability. But the fact that *320 the defendants kept possession of the entire tract of land, and used and made profit of it as their own, of it-seff changed the relation on which they stood to the plaintiff at the time of the action brought. It was saying to the plaintiff in a manner more expressive than language could impart, “we look to you to go on and perfect the title” — that is necessarily implied from the fact of their possession. Suppose an action for the breach of a covenant to build a house, and whilst it is pending the defendant build the house, and the plaintiff without any express agreement to accept it, enters into, and enjoys it; would it be said that the defendant might not use it in defence to the action? I apprehend not, and yet the cases appear to me precisely analogous. The defendants have been in the full enjoyment of all they purchased from the plaintiff, whilst he has been employed in rendering that enjoyment permanent and secure.
The rule in chancery, clearly is, that if the vendor perfects the title before the report of the master comes in, it is sufficient, 10 Ves. 315, and in the case of Ward v. Reeves, decided at this place, Jan. Term, 1828, it is put upon the ground of an equitable de-fence under our discount law. But it does not appear whether the vendor had, or had not possession of the land after suit brought, and supposing that he had, I ana very much inclined to think that all our cases may be reconciled to the rule at law. In Reeder v. Craig, 3 M’Cord 411, the title had been perfected before action brought, and in Gourdin v. Fludd, Harper’s Law R. 232, the defendant had had the possession long enough to acquire title by possession — and I am the more inclined to put the cases upon that footing, because it could not be tolerated, that the vendor should compel the vendee in this way, to a specific execution of the contract at any indefinite period when he had derived no benefit from it, and in no way assented to be postponed in the title, and when perhaps he was prevented from taking possession, by the knowledge that he had no title.
*321 The want of tille in the vendor is a technical breaeh of the covenant of seizin ; but if the purchaser affirm the contract by remaining in possession, and the defect in the title be supplied, that may be received in mitigation of damages.
There is another circumstance which is decisive of this case. It is stated in the brief, that by the decree of the Court of Equity referred to in the brief, the land was assigned to the plaintiff so as to enable him to perfect Ms title to the defendants. But that is a mistake, the defendants were also parties to that proceeding, and as carrying into specific execution their: contract with the plaintiff, these lands are “adjudged” to them “to hold as their own right and property.” The defendants are supposed to have assented to this decree, and as res judicata, they are bound by it; the title of the land is definitively in them, and they ouuht to pay for it.
The unproductiveness of the land since it came to their possession, and its depreciation in value, even if itis as great as supposed, are merely speculative losses for which the plaintiff is not responsible; the same thing would have happened if the title had originally been perfect. In strictness the defendants were entitled to a nominal discount for damages, for the breach of the covenant, if no more ; and I should have been better satisfied if it had been allowed, but it is not probable that under the circumstances, a jury would allow even so much as would defray the expenses of another trial, which, as there must be a verdict for the plaintiff, the defendants will be obliged to pay; we are therefore of opinion that it is desirable, that the case should end here.
Motion dismissed.
O’Neall & Ha.rper.Js. concurred.